STAPLETON, Circuit Judge,
concurring and dissenting:
With one exception, I concur in all of the conclusions reached by my colleagues. In particular, I agree that the enhanced penalties provided by 21 U.S.C. § 841(b)(1)(C) are to be imposed whenever, following an unlawful distribution of a controlled substance, the use of that substance becomes a but/for cause of a death or serious injury without regard to whether the death or injury was reasonably foreseeable to the defendant. As all of the courts of appeals which have considered the issue have concluded, that is what the literal text of the statute indicates and that literal reading is entirely consistent with the context in which the statute is found. As my colleagues acknowledge,
[W]e are [here] applying a statute dealing with a discrete problem, the distribution of controlled substances, products which Congress recognized will in some cases cause death or serious bodily injury. In short, Congress recognized that the risk is inherent in the product and thus it provided that persons who distribute it do so at their peril. It is obvious Congress intended in such a case that the 20-year mandatory minimum would apply if death or serious bodily injury resulted from the use of the substance without regard for common law proximate cause concepts.
United States v. Robinson, 167 F.3d 824, 831 (3d Cir.1999) (footnote omitted).
Section 1347 of Title 18 of the United States Code, however, does not deal with a discrete problem arising from products involving an inherent risk of serious injury or death.[1] Rather, it provides an en *1260 hanced penalty for health care fraud if the fraudulent scheme of the defendant resulted in death or serious bodily injury. Section 1347 thus applies to a wide variety of economically motivated health care activities and focuses on the relationship between the defendant’s conduct and the consequences thereof. For this reason, I agree with the conclusion of the Sixth Circuit Court of Appeals in United States v. Martinez, 588 F.3d 301, 318-19 (6th Cir. 2009), “that proximate cause is the appropriate standard to apply in determining whether a health care fraud violation ‘results in death.’ ”
The Martinez Court is the only court of appeals that has previously addressed the causal connection required by § 1347. It correctly points out that this section is not unlike a number of other statutes which impose enhanced punishment when the conduct constituting the defendant’s violation “results” in death or serious bodily injury, citing in particular the Civil Rights Act, 18 Ú.S.C. §§ 241, 242 and 245, and the Fair Housing Act, 42 U.S.C. § 3631(a).[2] Based on its review of the case law, the Martinez Court found it to be a generally applicable “fundamental principle of criminal law” that a “person is held responsible for all consequences proximately caused by his conduct.” Id. at 315 (quoting United States v. Wiegand, No. 93-1735, 1994 WL 714347, at *2-3, 1994 U.S.App. LEXIS 37209, at *7 (6th Cir. 1994)). Moreover, the Court reasoned that “when the Congress provided that [a violation] resulting in death may be punished by life imprisonment, [a court] must consider it to have been fully cognizant of the principles of legal causation.” Id. (quoting United States v. Marler, 756 F.2d 206, 216 (1st Cir.1985)).
Nothing in the text or context of section 1347 or its legislative history counsels against giving the concept of injury resulting from the statutory violation its traditional scope, and I would do so.
Contrary to the Government’s suggestion, I am unable to conclude that the District Court’s erroneous charge was harmless beyond a reasonable doubt.
Accordingly, I would reverse Appellant’s conviction on Count 37 and affirm on all other counts.

. Section 1347(a) provides:
Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
(1) to defraud any health care benefit program; or
(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

. The Martinez Court cited several cases from other circuits addressing analogous statutes. See United States v. Marler, 756 F.2d 206, 215-16 (1st Cir.1985) (holding that 18 U.S.C. § 242’s requirement for enhanced punishment is met when the defendant's willful violation of the civil rights statute is a "proximate cause” of the victim's death, and that proximate cause can be demonstrated where death was the "natural and foreseeable” result of the defendant's conduct); United States v. Woodlee, 136 F.3d 1399, 1405 (10th Cir. 1998) (holding that "the bodily injury element of the felony crime is justified if injury was a foreseeable result of the” defendant’s violation of 18 U.S.C. § 245(b)); United States v. Harris, 701 F.2d 1095, 1101 (4th Cir.1983) (holding that the "if death results” language of 18 U.S.C. § 241 requires only that death is foreseeable and naturally results from violating the statute); United States v. Guillette, 547 F.2d 743, 749 (2d Cir.1976) (holding that life imprisonment may be imposed if death results from violations of 18 U.S.C. § 241 when the defendant's violation of that statute is a proximate cause of the victim's death).